UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

UNITED STATES OF AMERICA,

v.

JARED GUERRERO *et al.*,

               Defendants.
-----------------------------------------------------------------X

**ORDER**
22-CR-265 (WFK)

**WILLIAM F. KUNTZ, II, United States District Judge:**

     The letter motion filed by the Government at ECF No. 27, seeking an order of excludable delay with respect to Defendant Rushel Katanov, remains pending on the docket in this case. The Court notes time has been excluded under the Speedy Trial Act, 18 U.S.C. § 3161 et seq., with respect to each Defendant until September 8, 2022, the date of the first status conference. ECF Nos. 7, 12, 13, and 30. The Court therefore respectfully directs the Clerk of Court to terminate the pending motion at ECF No. 27. In the interest of justice, time is excluded as to each Defendant through September 8, 2022.

     As noted in the Court's previous order, a Court may grant a continuance if it finds that "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. §3161(h)(7)(A). In determining whether to grant a continuance, the Court considers, among other factors, the complexity of the case, the number of the defendants, the nature of the prosecution, the reasonable time necessary for counsel's effective preparation, and whether the failure to grant a continuance would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice. 18 U.S.C. §3161(h)(7)(B). In order to exclude time on the basis of complexity, the district court must "set forth the reasons why the case . . . continue[s] to be complex for purposes of the exclusion."

*United States v. Pikus*, 2022 U.S. Dist. LEXIS 18113, at *32 (citing *United States v. Gambino*, 59 F.3d 353, 358 (1995)).

Here, the Government argues this case concerns a long-running narcotics trafficking organization which involved over 20 controlled sales of narcotics to multiple undercover law enforcement officers. Gov't Mot. at 2, ECF No. 27. The Government argues exclusion of time serves the ends of justice by affording the parties the opportunity to review voluminous discovery, to engage in plea negotiations, and to prepare for pretrial proceedings. *Id.* Furthermore, there are complexities in the case, as the allegations involve an approximately fifteen-month period of criminal activity as well as multiple defendants. *Id.* Moreover, "[t]he Speedy Trial Act 'imposes a unitary time clock on all co-defendants joined for trial.'" *United States v. Gonzalez*, 399 F. App'x 641, 644 (2d Cir. 2010) (summary order) (quoting *United States v. Vasquez*, 918 F.2d 329, 337 (2d Cir. 1990)). The Court concludes consideration of these factors warrants an exclusion of time, which would serve the ends of justice in this case and which outweigh the best interest of the public and this Defendant in a speedy trial.

SO ORDERED.

s/ WFK

HON. WILLIAM F. KUNTZ, II
UNITED STATES DISTRICT JUDGE

Dated: July 26, 2022
       Brooklyn, New York